**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. <u>R.</u> 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0618-18T1

GARY MADDOX,

      Appellant,

v.

NEW JERSEY DEPARTMENT
OF CORRECTIONS,

      Respondent.

_____

Submitted November 20, 2019 – Decided December 11, 2019

Before Judges Koblitz and Mawla.

On appeal from the New Jersey Department of Corrections.

Gary Maddox, appellant pro se.

Gurbir S. Grewal, Attorney General, attorney for respondent (Jane C. Schuster, Assistant Attorney General, of counsel; Nicholas A. Sullivan, Deputy Attorney General, on the brief).

PER CURIAM

Gary Maddox is confined to prison, serving a lengthy term with a thirty-year mandatory minimum term for leading a narcotics network and other related charges. He appeals from a June 11, 2018 final decision of the New Jersey Department of Corrections (DOC), finding him guilty of *.204, use of prohibited drugs. N.J.A.C. 10A:4-4.1(a)(2)(xvi). As a result of the infraction, Maddox received 150 days of administrative segregation, 210 days' loss of commutation time, 365 days of urine monitoring, permanent loss of contact visits,[1] referral for mental health care and thirty days' loss of JPay privileges. We affirm the finding of the infraction, but vacate and remand the sanction for the DOC to reconsider and supply appropriate reasons for the new sanction imposed.

On April 23, 2018, the prison gave Maddox a urine test, which was positive for opiates. Maddox accepted the assistance of a counsel substitute. Maddox argued the prescribed drug he was taking, Benadryl, had caused a false positive result. Because the DOC acknowledged the Benadryl could create a false positive for methadone, his urine sample was then sent to an outside laboratory, Atlantic Diagnostic Laboratories (Diagnostic). The Diagnostic test results reflected the presence of morphine and hydrocodone.

---

[1] An inmate may apply to reinstate the permanent loss of contact visits after 365 days. N.J.A.C. 10A:18-6.20(a).

Maddox sought to confront the medical personnel in the prison as well as the laboratory workers at Diagnostic. The hearing officer (HO) denied the request, determining that such testimony would not be relevant.

Our role in reviewing a prison disciplinary decision is limited. Figueroa v. N.J. Dep't of Corr., 414 N.J. Super. 186, 190 (App. Div. 2010). In general, the decision must not be disturbed on appeal unless it was arbitrary, capricious, or unreasonable, or lacked the support of "substantial credible evidence in the record as a whole." Henry v. Rahway State Prison, 81 N.J. 571, 579–80 (1980). An adjudication of guilt of an infraction must be supported by "substantial evidence." N.J.A.C. 10A:4-9.15(a). "'Substantial evidence' means 'such evidence as a reasonable mind might accept as adequate to support a conclusion.'" Figueroa, 414 N.J. Super. at 192 (quoting In re Pub. Serv. Elec. & Gas Co., 35 N.J. 358, 376 (1961)). "Where there is substantial evidence in the record to support more than one regulatory conclusion, 'it is the agency's choice which governs.'" In re Vineland Chem. Co., 243 N.J. Super. 285, 307 (App. Div. 1990) (quoting DeVitis v. N.J. Racing Comm'n, 202 N.J. Super. 484, 491 (App. Div. 1985)).

On appeal, Maddox argues the decision was contrary to the evidence, and that he should have been permitted to question the individuals who performed

3

the laboratory tests and those who were familiar with his prescription for Benadryl. Maddox argues before us that he was also taking two other medications. We do not consider evidence or arguments not provided to the agency. In re Stream Encroachment Permit, Permit No. 0200-04-002.1 FHA, 402 N.J. Super. 587, 602 (App. Div. 2008).

We reject Maddox's due process arguments. N.J.A.C. 10A:4-9.15(b) states: "Evidence relied upon in making a determination shall be specified on the Adjudication of Disciplinary Report form." The DOC complied with its obligations. Maddox received notice of the charges, and was afforded assistance of a counsel substitute at the hearing. See Avant v. Clifford, 67 N.J. 496, 523, 536 (1975). He was able to see the evidence the HO relied upon and the report form set forth the statements and reports relied upon to adjudicate the infraction.

The right of an inmate to confront witnesses is not absolute. N.J.A.C. 10A:4-9.13(a). The DOC appropriately sent the urine sample for an outside, objective, more accurate test. See Blanchard v. N.J. Dep't of Corr., __ N.J. Super. __, __ (App. Div. 2019) (slip op. at 1–2) (requiring the DOC to use a confirmatory laboratory test on a substance found on an inmate).

The HO, however, did not provide an adequate explanation for the sanctions imposed on Maddox. The HO stated:

[Inmate] must be held responsible for his actions. His urine tested positive for not one, but two substances that he is not prescribed by Medical or Dental. The use of substances not prescribed poses a safety [and] security risk within the institution [and] will not be tolerated. Note C1 — yes/yes/no. [Inmate] advised he has [forty-eight] hours to appeal.

C1 is a mental health "Disciplinary Report Form." The form stated that Maddox suffered from a mental illness, yet was responsible for his actions and competent. The form states: "there is no evidence that [the inmate] will decompensate if given a [twenty-one]-day [restrictive housing unit] sanction."

The 150 days administrative segregation, a form of solitary confinement in a restrictive housing unit, and the other sanctions imposed were not the minimum permitted for such an offense. N.J.A.C. 10A:4-5.1(g). The DOC offered an insufficient explanation of how the sanctions were proportionate to the offense and the offender. The DOC must provide an inmate with "individualized reasons for the specific sanctions imposed." Malacow v. N.J. Dep't of Corr., 457 N.J. Super. 87, 96–97 (App. Div. 2018); see also Mejia v. N.J. Dep't of Corr., 446 N.J. Super. 369, 378–79 (App. Div. 2016). The DOC must articulate the factors considered in the imposition of sanctions so that we may perform our review of "whether a sanction is imposed for permissible reasons." Mejia, 446 N.J. Super. at 379; see also N.J.A.C. 10A:4-9.17(a)

A-0618-18T1

(providing relevant factors for individualized sanctions). One reason given, that two "substances" were found in Maddox's urine, is specific to the offense. But in itself this reason is insufficient. The other comments are not specific to Maddox. Maddox claims this is his first disciplinary infraction. We therefore reverse the sanctions and remand for a re-imposition of sanctions with valid inmate-specific reasons.

Affirmed in part, vacated and remanded in part. We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

6

A-0618-18T1